IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

ROBERT ALAN MADDEN,            )
                               )
    Plaintiff,                 )
                               )
v.                             )   Case No. CIV-16-856-F
                               )
ANDY MADDEN; CHRIS             )
GRACE, Deputy Sheriff,         )
McClain County; McCLAIN        )
COUNTY; McCLAIN COUNTY         )
SHERIFF'S OFFICE, McCLAIN      )
COUNTY JUDGE, and              )
McCLAIN COUNTY DISTRICT        )
ATTORNEY,                      )
                               )
    Defendants.                )

## REPORT AND RECOMMENDATION

Robert Madden (Plaintiff) filed this action using a form Pro Se Prisoner Civil Rights Complaint[1] and asserting jurisdiction, first, under 42 U.S.C. § 1983 and 28 U.S.C. § 1343(a)(3), second, under *Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 and 28 U.S.C. § 1331, and, third, by stating he "wish[ed] to make all cliams Habus Corpus fast and speedy trial." Doc. 1, at 1.[2] United States District Judge Stephen P. Friot has referred the

---

[1] Petitioner is a pretrial detainee in custody at the F. Dewayne Beggs Detention Center in Cleveland County, Oklahoma. *See* Doc. 1, at 3, 4.

[2] This report cites court filings by their electronic case filing designation and pagination; quotations are verbatim unless indicated.

matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Doc. 5.

## I. Screening.

Federal law requires the court to screen complaints filed by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In addition, because Plaintiff is proceeding in forma pauperis, the court has an ongoing duty to consider the sufficiency of his claims. *See id.* § 1915(e)(2). The court must dismiss any frivolous or malicious claim, any claim asking for monetary relief from a defendant who is immune from such relief, or any claim on which the court cannot grant relief. *Id.* §§ 1915A(b), 1915(e)(2)(B).

A complaint must contain sufficient factual matter, accepted as true, to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556); *see also Gee v. Pacheco*, 627 F.3d 1178, 1184 (10th Cir. 2010). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do

not suffice." *Iqbal*, 556 U.S. at 678. And, "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The court may not, however, serve as Plaintiff's advocate, creating arguments on his behalf. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

Consistent with this screening mandate, the undersigned has carefully reviewed Plaintiff's pleadings and, for the following reasons, recommends summary dismissal of the action.

## II. Analysis.

Plaintiff seeks relief on three claims, Doc. 1, and, as noted, generally asserts that federal relief is available through: (1) 42 U.S.C. § 1983; (2) *Bivens*, 403 U.S. 388; and (3) habeas corpus. *Id.* at 2. This report addresses Plaintiff's Claim I separately and his Claims II and III together.

### A. Claim I.

Plaintiff names Andy Madden as Defendant and maintains, "Andy Madden used my name for his Business Insurance and Collected $320,000 a year for 2 years. Then fired me when I found out about this." *Id.* at 5. As factual support, he alleges that "Don, with 4corner homes showed me a Copy of the Business Ins. Check at National Insurance for transcripts, No lawyer

3

can remove a prose motion without my presence." *Id*. at 7. As relief, he seeks $1,280,000 in monetary damages. *Id*.

1. **42 U.S.C. § 1983.**

"To state a claim under [42 U.S.C.] § 1983, the complaint must allege that defendant[] acted 'under color of state law.'" *DiCesare v. McAnally*, No. 15-7064, 2016 WL 4162742, at *2 (10th Cir. Aug. 4, 2016) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 315 (1981)). "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988) (internal quotation marks omitted). Plaintiff alleges no facts to suggest Andy Madden acted with state authority. Doc. 1, at 5, 7. Rather, Plaintiff alleges Andy Madden was a private businessperson and employer. *Id*. "[T]o hold a private individual liable under § 1983, it must be shown that the private person was jointly engaged with state officials in the challenged action, or has obtained significant aid from state officials, or that the private individual's conduct is in some other way chargeable to the State." *Lee v. Town of Estes Park, Colo.*, 820 F.2d 1112, 1114 (10th Cir. 1987). Once again, Plaintiff does not allege facts to make that showing.

### 2. *Bivens.*

Likewise, "[u]nder *Bivens*, [403 U.S. 388], an individual has a cause of action *against a federal official* in his individual capacity for damages arising out of the official's violation of the United States Constitution *under color of federal law or authority.*" *Dry v. United States*, 235 F.3d 1249, 1255 (10th Cir. 2000). Plaintiff fails to allege facts to show that Andy Madden acted with federal authority. Doc. 1, at 5, 7.

### 3. **Habeas corpus.**

Plaintiff's seeks monetary relief only and does not otherwise imply habeas corpus as a basis for relief. *Id.*

### B. **Claims II and III.**

Plaintiff identifies three Defendants in his second claim: McClain County Deputy Sheriff Chris Grace, sued in his individual and official capacities; McClain County; and the McClain County Sheriff's Office. *Id.* at 4, 7. Plaintiff claims Defendant Grace acted in violation of his rights by "[t]respassing on my land around 180th and Western in McClain County. And McClain County Charged me with Escape in CF-2010-374 when it should have been luding police." *Id.* at 7. For his supporting facts, Plaintiff directs the court to "check OCiN for transcripts, No lawyer Cannot remove a prose motion without my presence." *Id.* at 8. He asks for $500,000 in monetary damages. *Id.*

Plaintiff "[l]ist[s] the defendant(s)" in Claim III as "McClain County and McClain Sheriff office" and "D.A. and Judge . . . ." *Id.* at 6. He contends his rights were violated when "McClain County & Sheriff office" charged me with Escape in Case No. CF-2010-374—When I was in my truck pulling away from Police it was not Escape in Was luding police." *Id.* As factual support for the claim, he once again instructs the court to "Check on OCiN for transcripts  No lawyer cannot remove a prose motion without my presence." *Id.* Plaintiff states, "I wish to sue for $750,000 USA Dollars and have Case No-CF-2010-374 dismissed." *Id.*

1. **42 U.S.C. § 1983.**

Plaintiff seeks relief in Claims II and III from state actors in connection with charges brought against him in the District Court of McClain County, Case No. CF-2010-374. Doc. 1, at 6, 7-8. *See* [http://www.oscn.net/dockets/GetCaseInformation.aspx?db=mcclain&number=cf-2010-374](http://www.oscn.net/dockets/GetCaseInformation.aspx?db=mcclain&number=cf-2010-374).[3] The docket report in the matter shows the State charged Plaintiff with one felony count, "Escape from Arrest or Detention," and with two misdemeanor counts, "TOC Beer" and "Driving w/ License

---

[3] The undersigned takes judicial notice of these records. *See United States v. Pursley*, 577 F.3d 1204, 1214 n.6 (10th Cir. 2009) (exercising discretion "to take judicial notice of publicly-filed records in [this] court and certain other courts concerning matters that bear directly upon the disposition of the case at hand"). And, as stated, Plaintiff points the court to the record for the facts supporting his claims. Doc. 1, at 6, 8.

6

Cancelled/Suspended/Revoked." Here, however, Plaintiff contends Defendant (Deputy Sheriff) Grace and McClain County were trespassing on his land[4] and McClain County and the McClain County Sheriff's office should not have brought the escape charge because "[w]hen [he] was in [his] truck pulling away" he was not escaping from arrest but was, instead, eluding arrest. Doc. 1, at 6-7. Plaintiff names the "D.A. and Judge," *id.* at 6, but fails to allege any specific facts against them.[5]

The docket report in Case No. CF-2010-374, shows that on November 10, 2011, Plaintiff entered a plea of guilty to the felony charge of Escape from Arrest or Detention and received a five-year suspended sentence.[6] In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Supreme Court held that a plaintiff may not recover damages under § 1983 "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," unless he proves "that the conviction or sentence has been reversed on direct

---

[4] In what the undersigned liberally construes as an amendment to his complaint, Plaintiff asserts, "McClain County had no right to be on my land." Doc. 6, at 1.

[5] Absent specific allegations, the undersigned does not address absolute judicial and prosecutorial immunity.

[6] The court entered Judgment and Sentence on November 21, 2011. *See* [http://www.oscn.net/dockets/GetCaseInformation.aspx?db=mcclain&number=cf-2010-374](http://www.oscn.net/dockets/GetCaseInformation.aspx?db=mcclain&number=cf-2010-374).

appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. . . ." *See also Wilkinson v. Dotson,* 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)–no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)–*if* success in that action would necessarily demonstrate the invalidity of the confinement or its duration.").

"[T]he district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck,* 512 U.S. at 487. Here, a favorable judgment on Plaintiff's claims that Defendants violated his constitutional rights by prosecuting meritless and erroneous charges would imply the invalidity of his state court criminal conviction. And, Plaintiff does not contend his conviction or sentence has been reversed or invalidated as provided by *Heck*. To the contrary, as part of the relief he seeks in Claim III, Plaintiff "wish[es] to . . . have Case No CF-2010-374 dismissed." Doc. 1, at 6.

### 2. *Bivens.*

As in Claim I, Plaintiff fails to allege facts to show that any Defendant identified in Claims II and III acted with federal authority. Plaintiff, once again, fails to state a viable claim for relief under *Bivens* in Claims II and III. *See Dry*, 235 F.3d at 1255.

### 3. Habeas corpus.

Plaintiff seeks federal habeas corpus relief, that is, "to . . . have Case No CF-2010-374 dismissed." *Id.* at 6. As noted, Plaintiff received a five-year suspended sentence in that matter on November 10, 2011 and does not allege he is in custody under that sentence. Plaintiff's claim for habeas relief is not cognizable under § 1983. A federal challenge to any future custody under that sentence must be by writ of habeas corpus after full exhaustion of all available state court remedies. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973).

## III. Recommendation and notice of right to object.

The undersigned recommends the dismissal without prejudice[7] of Plaintiff's action under 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B) for failure to state a claim[8] against any Defendant upon which relief may be granted.

---

[7] *See Beck v. City of Muskogee Police Dep't,* 195 F.3d 553, 560 n.5 (10th Cir. 1999) (dismissals under *Heck* are without prejudice).

The undersigned advises Plaintiff of his right to file an objection to this Report and Recommendation with the Clerk of Court on or before October 19, 2016, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises Plaintiff that failure to file a timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 29th day of September, 2016.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE

---

[8] S*ee Smith v. Veterans Admin.,* 636 F.3d 1306, 1312 (10th Cir. 2011) ("[T]he dismissal of a civil rights suit for damages based on prematurity under *Heck* is for failure to state a claim.").